**UNITED STATES of America,**
**Plaintiff–Appellee,**

v.

**Gerardo SALAS–LOPEZ, Defendant–**
**Appellant.**

**No. 04–41425.**
**Conference Calendar.**

United States Court of Appeals,
Fifth Circuit.

Decided Feb. 23, 2006.

---

James Lee Turner, Assistant U.S. Attorney, U.S. Attorney's Office, Southern District Of Texas, Houston, TX, Mark Michael Dowd, U.S. Attorney's Office, Southern District of Texas, Brownsville, TX, for Plaintiff–Appellee.

Marjorie A. Meyers, Federal Public Defender, Philip G. Gallagher, Federal Public Defender's Office, Southern District of Texas, Houston, TX, for Defendant–Appellant.

Before GARZA, DENNIS, and PRADO, Circuit Judges.

PER CURIAM: *

Gerardo Salas–Lopez (Salas) appeals his sentence for being present in the United States after having been deported. Salas argues for the first time on appeal that the district court erred in imposing a sentence under a mandatory guidelines regime, in violation of *United States v. Booker*, 543 U.S. 220, 125 S.Ct. 738, 160 L.Ed.2d 621 (2005). He also argues that the "felony" and "aggravated felony" provisions of 8 U.S.C. § 1326(b) are unconstitutional.

■ We review Salas's *Booker*-based challenge for plain error. *See United States v. Valenzuela–Quevedo*, 407 F.3d 728, 732 (5th. Cir.), *cert. denied,* — U.S. ——, 126 S.Ct. 267, 163 L.Ed.2d 240 (2005). Salas has failed to establish that the error affected his substantial rights. *See United States v. Martinez–Lugo*, 411 F.3d 597, 600–01 (5th Cir.), *cert. denied,* — U.S. ——, 126 S.Ct. 464, 163 L.Ed.2d 352 (2005); *United States v. Bringier*, 405 F.3d 310, 317 n. 4 (5th Cir.), *cert. denied,* — U.S. ——, 126 S.Ct. 264, 163 L.Ed.2d 238 (2005). Therefore, he cannot demonstrate plain error.

■ Salas's constitutional challenge to 8 U.S.C. § 1326 is foreclosed by *Almendarez–Torres v. United States*, 523 U.S. 224, 235, 118 S.Ct. 1219, 140 L.Ed.2d 350 (1998). Although Salas contends that *Almendarez–Torres* was incorrectly decided and that a majority of the Supreme Court would overrule *Almendarez–Torres* in light of *Apprendi v. New Jersey*, 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000), we have repeatedly rejected such arguments on the basis that *Almendarez–*

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

*Torres* remains binding. *See United States v. Garza–Lopez,* 410 F.3d 268, 276 (5th Cir.), *cert. denied,* — U.S. ——, 126 S.Ct. 298, 163 L.Ed.2d 260 (2005). Salas properly concedes that his argument is foreclosed in light of *Almendarez–Torres* and circuit precedent, but he raises it here to preserve it for further review.

The judgment of the district court is thus AFFIRMED.

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.